FILED



IFP
NP
99

UNITED STATES DISTRICT COURT
2011 JUL 18  A 10: 01
NORTHERN DISTRICT OF CALIFORNIA
RICHARD W. WIEKING
SAN JOSE DIVISION DISTRICT COURT
N.D. CA. SAN JOSE

ADR

CV11-03502 PSG

| | |
|---|---|
| Helena Knezevic-In Pro Se, an individual<br>14745 Conway Avenue<br>San Jose, California 95124<br><br>    Plaintiff,<br><br>Vs.<br><br>    Defendant,<br><br>American Education Services (AES), a corporation),<br>Pennsylvania Higher Education Assistance Agency<br><br>DOES 1 through 28, inclusive, | **COMPLAINT FOR DAMAGES**<br><br>(1) Reporting inaccurate information 15 U.S.C. §§ 1681s-2(a) & (b)<br>(2) Intentional Interference with prospective economic advantage<br>(3) Breach of Contract<br>(4) Defamation of Character<br>(5) Intentional Infliction of Emotional Distress<br>(6) Reckless Infliction of Emotional Distress<br>(7) Negligent Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Helena Knezevic, alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681s-2(a) & (b), to secure relief for violations of the FCRA, and also to obtain monetary civil penalties for violations of the FCRA. This court has subject matter

COMPLAINT FOR DAMAGES DEMAND JURY TRIAL

1

jurisdiction over causes of action 1 and 2. This court also has supplemental jurisdiction over causes of action 3, 4 , 5,6 & 7.

2. Venue is proper in the United States District Court for the Northern District of California under 15 U.S.C. §§ 1681p.

**PARTIES**

3. Plaintiff Helena Knezevic ("an individual") was at relevant times mentioned a resident of the County of Santa Clara, State of California.

4. Defendant American Education Services (AES) ("a Pennsylvania corporation") aka Pennsylvania Higher Education Assistance Agency is and was at all relevant times a resident of the County of Dauphin, State of Pennsylvania.

5. Defendant from herein after referred to as "servicer of the note" was at all times acting within the course and scope of agency with Student Loan Express from herein after referred to as "holder of the note"

**GENERAL ALLEGATION**
COMPLAINT FOR DAMAGES DEMAND JURY TRIAL

2

**(By all Plaintiffs against all Defendants)**

6. On or about October 20th, 2008, Plaintiff and holder of note entered into a written contract for performance by both parties obligating compliance by Defendant. The debt resulted from plaintiff's attendance and participation in classes at Heald College in Milpitas, California. The contract required the plaintiff to complete a loan rehabilitation program which required plaintiff to make six months of consecutive payments on time. After completion of the loan rehabilitation program the holder of the note agreed to remove any negative credit rating from plaintiff's personal credit file relating to this particular debt.

7. Plaintiff fully satisfied obligations under the contract on or around April 2009. Upon successful completion of the loan rehabilitation program plaintiff contacted holder of the note and communicated with Gary Sole/Vice President and requested for deletion of negative credit bureau reporting's per contractual agreement with the three major credit bureaus (Trans Union, Equifax & Experian). Gary Sole indicated that the request for deletion of the negative reporting's would be sent to the servicer of the note for deletion but that the plaintiff should allow one month for deletion to occur. Holder of the note provided a copy of the request sent to holder of the note and the request by holder of the note was timely.

8. Plaintiff waited until July of 2009 and viewed their personal credit file and to their dismay the negative reporting's remained unchanged.

9. Between July of 2009 and March 2010 (eight months) the plaintiff communicated directly with the servicer of the note on at least three occasions to remove the negative credit reporting's. On each communication servicer of the note did not question their obligation to remove the negative information. On each communication with the servicer of the note the plaintiff informed the defendant of her intent and desire to consolidate all school loans onto a lower interest loan was being delayed by defendant's willful disregard her request for contractual compliance in removing the negative credit reporting's expeditiously. On each communication with the defendant the plaintiff was promised that a request for deletion would be placed immediately with the three major credit bureaus.

10. On or about March 16, 2010 plaintiff became escalated and communicated with the executive offices of the servicer of the note. On this occasion plaintiff communicated with Tyler Baer and prepared a demand letter. Tyler Baer was able to facilitate successful removal of the negative credit reporting's on or about April 2010.

11. Successful removal of the negative credit reporting's was delayed by eight months because of willful non-compliance to

COMPLAINT FOR DAMAGES DEMAND JURY TRIAL

contractual obligations by servicer of the note. The delay in removing the negative credit reporting's from plaintiffs personal credit file resulted in a 55-85 point lower credit score than it should have been. The diminished credit score of 55-85 points resulted with the plaintiff paying $700-$800 higher interest on outstanding debt obligations from the period beginning July 2009 completion of the loan rehabilitation program to the actual date of removal of negative credit reporting's of March 2010.

### FIRST CAUSE OF ACTION

**(REPORTING INACCURATE INFORMATION 15 U.S.C. §§ 1681s-2(a) & (b))**

12. Plaintiff incorporates by reference paragraphs 1 through 11, inclusive, of this Complaint (including all paragraphs of the General Allegations and all paragraphs of all preceding causes of action, if any) as if the same were fully set forth herein.

13. Plaintiff alleges that defendant violated 15 U.S.C. §§ 1681s-2(a) & (b) by continuing to report negative account history to the three major credit bureaus (Trans Union, Equifax & Experian) for eight months after holder of the note instructed the defendant to remove any negative reporting. To continue to report the plaintiffs account status as negative constitutes reporting inaccurate information and is a violation of 15 U.S.C. §§ 1681s-2(a) & (b).

14. The FCRA permits a private action for both willful and negligent violations of the act. A negligent violation entitles a consumer to actual damages, and a willful one entitles the consumer to actual, statutory, and punitive damages. *Safeco*, 551 U.S. at 53 (citing 15 U.S.C. § 1681n & 1681o). It should be clear that defendant's disregard of plaintiffs definition of permissible purpose in this instance was willful and deliberate. The plaintiff was aware that his credit score would be a disqualifying factor if defendant submitted the lending package to their preferred lender Well Fargo Dealer Services.

## SECOND CAUSE OF ACTION

**(INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)**

15. Plaintiff incorporates by reference paragraphs 1 through 11, inclusive, of this Complaint (including all paragraphs of the General Allegations and all paragraphs of all preceding causes of action, if any) as if the same were fully set forth herein.

16. To state a claim for intentional interference with prospective economic advantage, the complaint must allege that the plaintiff had a reasonable expectation of entering into a valid business relationship, the defendant knew about it, the defendant purposely interfered to prevent the fulfillment of the expectancy, and the plaintiff was damaged as a result. *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998) (citing *Delloma v. Consolidation Coal Co.*, 996 F.2d 168, 170-71 (7th Cir. 1993)). Mere hopes of an economic

COMPLAINT FOR DAMAGES DEMAND JURY TRIAL

1 advantage are insufficient to support a claim of intentional
2 interference. *Cavaliery-Conway v. L. Butterman & Assocs.*, 992 F.
3 Supp. 995, 1012 (N.D. Ill. 1998).

5 18. As a direct and proximate result of the intentional, and
6 offensive acts of Defendant, as aforesaid, Plaintiff was unable to
7 qualify for the consolidation loan approval because of a substandard
8 credit score. Plaintiff believes that at the time of the negative
9 credit reporting's her credit score was in the proximity of 640.
10 Immediately upon removal of the incorrect negative credit
11 reporting's by the defendant plaintiffs credit score increased to
12 715 range. The defendant's delay of eight months in removing the
13 negative credit reporting's resulted in the plaintiff's inability
14 qualify for intended economic advantages that would have otherwise
15 been afforded.

### THIRD CAUSE OF ACTION

### (Breach of Contract)

22 19. Plaintiff incorporates by reference paragraphs 1 through 11,
23 inclusive, of this Complaint (including all paragraphs of the
24 General Allegations and all paragraphs of all preceding causes of
25 action, if any) as if the same were fully set forth herein.

COMPLAINT FOR DAMAGES DEMAND JURY TRIAL

7

20. Plaintiff has fully performed all conditions, covenants, and promises to be performed on the part of Plaintiff in accordance with Loan Rehabilitation program entered into on or about October 2008 with holder of the note.

21. Plaintiff demanded on at least three separate occasions, prior to actual removal date of March 2009, that Defendant perform on their part by removing negative credit reporting's plaintiffs demands were ignored.

22. As a proximate result of the breach of the contract by Defendant, as herein alleged, Plaintiff has been damaged in an amount to be proven at time of trial.

23. As the agent for the holder of the note the defendant was bound to the contractual obligation entered into by plaintiff and holder of the note. Additionally as the agent for the holder of the note defendant is and was required to act responsibly with respect to requests from the holder of the note. At trial plaintiff will provide evidence of timely request by holder of the note for deletion of any negative credit reporting's to the three major credit bureaus. Defendant failed to comply with holder of the notes request and intentionally delayed removal for eight months.

### FOURTH CAUSE OF ACTION

**(Defamation of Character)**

COMPLAINT FOR DAMAGES DEMAND JURY TRIAL

8

24. Plaintiff incorporates by reference paragraphs 1 through 11, inclusive, of this Complaint (including all paragraphs of the General Allegations and all paragraphs of all preceding causes of action, if any) as if the same were fully set forth herein.

25. As a direct and proximate result of the intentional, and offensive acts of Defendant, as aforesaid, Plaintiffs reputation as a consumer was damaged by a lower than acceptable credit score. Immediately upon removal of the incorrect credit reporting plaintiffs credit score increased from 640 or thereabouts to 700 - 715. The continuous reporting of negative credit rating by the servicer of the note for eight months after legally able resulted in a false report to be issued to the three major credit bureaus and any and all other agencies obtaining plaintiffs personal credit bureau for legitimate business purposes. The plaintiff incurred higher finance charges on existing obligations resulting from the incorrect reporting by servicer of the note and also was denied extensions of additional credit and reduction in existing credit lines (American Express) as a result of continued negative reporting.

### FIFTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

26. Plaintiff incorporates by reference paragraphs 1 through 11, inclusive, of this Complaint (including all paragraphs of the

COMPLAINT FOR DAMAGES DEMAND JURY TRIAL

9

General Allegations and all paragraphs of all preceding causes of action, if any) as if the same were fully set forth herein.

27. As a result of Defendants' intentional disregard of plaintiffs' demands for compliance with contractual obligations, as aforesaid, PLAINTIFF was forced to endure mental anguish, humiliation, feelings of helplessness and desperation.

28. As a direct and proximate result of the intentional, and offensive acts of Defendant, as aforesaid, Plaintiff sustained severe emotional distress, all to Plaintiffs' damage in a sum within the jurisdiction of this court and to be shown according to proof.

29. A plaintiff seeking damages for intentional infliction of emotional distress must prove that the distress is "serious" or "severe," meaning substantial or enduring rather than trivial or transitory. *Bogard v. Employers Casualty Co.*, 164 Cal. App. 3d 602, 617, 210 Cal. Rptr. 578, 587 (1985). In this economy it is certainly foreseeable and resonable to believe that an inaccurate line item on a personal credit report is cause for severe emotional distress. More and more frequently potential employers rely on personal credit reports when making hiring decisions. Plaintiff felt utterly helpless for eight months while servicer of the note ignored demands for compliance with contractual obligations.

## SIXTH CAUSE OF ACTION
COMPLAINT FOR DAMAGES DEMAND JURY TRIAL

10

**(Reckless Infliction of Emotional Distress)**

30. Plaintiff incorporates by reference paragraphs 1 through 11, inclusive, of this Complaint (including all paragraphs of the General Allegations and all paragraphs of all preceding causes of action, if any) as if the same were fully set forth herein.

31. As a result of Defendants' reckless disregard of plaintiffs numerous requests for compliance with contractual obligations, as aforesaid, PLAINTIFF was forced to endure mental anguish, humiliation, feelings of helplessness and desperation.

32. As a direct and proximate result of the reckless, and offensive acts of Defendant, as aforesaid, Plaintiff sustained severe emotional distress, all to Plaintiffs' damage in a sum within the jurisdiction of this court and to be shown according to proof.

## SEVENTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress)**

33. Plaintiff incorporates by reference paragraphs 1 through 11, inclusive, of this Complaint (including all paragraphs of the General Allegations and all paragraphs of all preceding causes of action, if any) as if the same were fully set forth herein.

COMPLAINT FOR DAMAGES DEMAND JURY TRIAL

11

34. As a result of Defendants' negligence and disregard of plaintiffs numerous requests for compliance with contractual obligations, as aforesaid, PLAINTIFF was forced to endure mental anguish, humiliation, feelings of helplessness and desperation.

35. As a direct and proximate result of the negligent, and offensive acts of Defendant, as aforesaid, Plaintiff sustained severe emotional distress, all to Plaintiffs' damage in a sum within the jurisdiction of this court and to be shown according to proof.

36. To state a negligence cause of action, the defendant must owe a duty of due care to the person injured, or to a class of persons of which the plaintiff is a member. *Valdez v. J. D. Diffenbaugh Co.*, 51 Cal. App. 3d 494, 124 Cal. Rptr. 467 (1975). Between July 2009 to March 2010 Defendant never challenged that they owed a duty of care to the Plaintiff. On the three communications prior to the actual removal date of the negative credit reporting's of March 2010 the Defendant assured the Plaintiff that the request for removal of the negative reporting's would be processed immediately.

37. Ordinary negligence consists of acts or omissions which are not compatible with the standard of care exercised by an abstract man of ordinary prudence. *People v. Young*, 20 Cal. 2d 832, 129 P.2d 353 (1942). Defendant did not comply with this standard as it took approximately four communications by Plaintiff to Defendant to facilitate contractual compliance.

38. Legal cause requires that the defendant's negligent acts were a substantial factor in bringing about the plaintiff's injury or damage. *Mitchell v. Gonzales*, 54 Cal. 3d 1041, 1 Cal. Rptr. 2d 913 (1991); CACI 430. It is reasonable to believe that the incorrect credit reporting by the Defendant resulted in Plaintiffs financial damages. Several credit scoring models are readily available most of which consistently detail that one negative trade line on a credit report results in a drop of 50-85 points.

**PRAYER**

**WHEREFORE**, Plaintiffs individually and collectively pray as follows with regard to each of the above causes of action which may be asserted by the one or more of the various Plaintiffs:

AS TO ALL CAUSES OF ACTION:

1. For attorneys' fees as applicable;
2. For costs of suit incurred herein; and
3. For such other and further relief as the court deems just and proper.

Dated:

*[signature]*
Helena Knezevic