UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HELENA KNEZEVIC,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>AMERICAN EDUCATION SERVICES, ET AL.,<br><br>　　　　　Defendants. | Case No.: C 11-03502 PSG<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT COURT JUDGE; REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

　　　　Plaintiff Helena Knezevic ("Knezevic") proceeding *pro se* applies to proceed *in forma pauperis*.[1] "It is the duty of the District Court to examine any application for leave to proceed *in forma pauperis* and determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed *in forma pauperis*."[2]

　　　　In the complaint, Knezevic asserts the following causes of action: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a) and (b); (2) intentional interference with

---

[1]　　*See* Docket No. 2.

[2]　　*Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir. 1965).

ORDER, *page 1*

prospective economic advantage; (3) breach of contract; (4) defamation of character; (5) intentional infliction of emotional distress; (6) reckless infliction of emotional distress; and (7) negligent infliction of emotional distress.  She alleges federal jurisdiction for the FCRA claim and supplemental jurisdiction for the remaining claims.

Under 15 U.S.C. § 1681s-2(a)(1)(A), "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[3]  "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information."[4]

Knezevic fails to state a claim because she cannot maintain a private right of action under the FCRA.  Under 15 U.S.C. § 1681s-2(d), "[s]ubsection (a) of . . . [§ 1681s2] shall be enforced exclusively under section 1681s . . . by the Federal agencies and officials and the State officials identified in that section."[5]  Knezevic does not claim to be either a federal or state official.[6]  In addition, Knezevic alleges only that the company sponsoring the loan rehabilitation program in which she participated failed to remove a negative credit rating from her personal credit.  She does not allege any "furnishing" of information as specified by the statute.

Because Knezevic alleges only supplemental jurisdiction for the remaining claims, there appears to be no merit in proceeding with these claims in federal court.

Accordingly, IT IS HEREBY ORDERED that this case be reassigned to a U.S. District Court Judge with the recommendation that the application to proceed *in forma pauperis* be denied and her

---

[3]   15 U.S.C. § 1681s-2(a)(1)(A).

[4]   15 U.S.C. § 1681s-2(a)(1)(D).

[5]   15 U.S.C. § 1681s-2(d).

[6]   *Cf. Iezza v. Saxon Mortgage Svcs.,* No. 10-3634 DDP (JCGx), 2010 WL 3834041, *2 (Sept. 28, 2010 C.D. Cal.).

FCRA claim be dismissed with prejudice.[7]

Dated:   August 5, 2011

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge

---

[7]   This court is ordering reassignment to a District Court Judge because, absent the consent of all parties, a Magistrate Judge does not have authority to issue case-dispositive rulings. *See, e.g., Tripati v. Rison,* 847 F. 2d 548, 549 (9th Cir. 1988).